UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-21824-RKA

HERIBERTO VALIENTE,
individually and on behalf of all
others similarly situated,

 *Plaintiffs*,

v.

TROPICAL CHEVROLET, INC.,

 *Defendant*.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE
AND DECLARATORY RELIEF**

Defendant, Tropical Chevrolet, Inc. ("**Defendant**"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's, Heriberto Valiente ("**Plaintiff**"), claim for injunctive and declaratory relief within Plaintiff's Class Action Complaint [ECF No. 1-1] ("**Complaint**"), and states:[1]

**EXECUTIVE SUMMARY**

On February 10, 2026, Plaintiff, a serial litigator, filed this putative class action lawsuit, alleging Defendant violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) of the Telephone Consumer Protection Act ("**TCPA**"). Specifically, Plaintiff alleges Defendant placed two (2) prerecorded voice calls to Plaintiff's cellular phone (purportedly without his consent), which he claims constitute telemarketing and advertising in violation of the TCPA. Within the Complaint, Plaintiff seeks injunctive and declaratory relief—specifically, an injunction "against future calls" and an order declaring "that Defendant's actions . . . violate the TCPA."

Plaintiff, however, is not entitled to injunctive or declaratory relief because there are no facts suggesting the immediate threat of future harm or injury and, therefore, Plaintiff lacks standing to pursue these claims for relief. To pursue injunctive relief, a plaintiff must plausibly

---

[1] Defendant will be filing a separate Answer and Affirmative Defenses as to Plaintiff's TCPA claim, and this Motion only serves to address Plaintiff's request for injunctive and declaratory relief.

allege a real and immediate threat of repeated future injury. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013). This is "[b]ecause injunctions regulate future conduct," and absent a "threat of future injury," the need for an injunction is obviated. *Id*. at 1328-29. Here, there are no facts in the Complaint suggesting that Plaintiff will receive another alleged prerecorded voice call from Defendant and/or that there is an actual or imminent threat of harm. Thus, Plaintiff's request for declaratory and injunctive relief should be dismissed. *See Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251 (S.D. Fla. 2019) (dismissing requests for declaratory or injunctive relief because the plaintiff did not plead "any allegations or otherwise show that he, or any member of the putative class, will ever again receive another 'ringless' voicemail from Defendant in the future."); *see also Miller v. Time Warner Cable Inc.*, No. 8:16-cv-00329-CAS (ASx), 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016) (dismissing request for injunctive relief in TCPA case for lack of standing where there were no allegations suggesting possible future harm).

Moreover, Plaintiff's claim for injunctive and declaratory relief fails, as Plaintiff has an adequate legal remedy. "It is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Rosen v. Cascade Intern., Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994). Here, Plaintiff does not and cannot allege damages that would not be remedied by his requested monetary damages (i.e., claimed entitlement to statutory damages). Plaintiff is therefore not entitled to equitable relief in any form.

## FACTUAL BACKGROUND

This action is the result of two (2) purported voicemails left by Defendant to Plaintiff, once on November 7, 2025, and a second time on December 23, 2025, with each featuring an alleged prerecorded voice message. [ECF No. 1-1 at ¶¶ 12-13]. Specifically, Plaintiff alleges that these purported prerecorded calls constitute telemarketing and advertising, which were sent to Plaintiff (and putative class members) without his (their) consent to be contacted with a prerecorded call. [*Id.* at ¶¶ 16-17, 20]. In turn, Plaintiff has claimed the "prerecorded calls" were "unsolicited," which purportedly caused Plaintiff (and putative class members) "actual harm, including intrusion into the peace and quiet in a realm that is private and personal to [Plaintiffs]." [*Id*. at ¶ 22]. Based on these allegations, among others, Plaintiff broadly asserts putative class claims against Defendant for purported violations of the TCPA, as well as seeks injunctive and declaratory relief.

## LEGAL STANDARDS

### I.      DISMISSAL PURSUANT TO RULE 12(b)(1)

Dismissal is warranted in the absence of standing conferred under Article III of the United States Constitution.  Because questions related to Article III standing pertain to a federal court's subject-matter jurisdiction, they are properly raised by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).   *See Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991).  "Under Article III of the United States Constitution, a federal court plaintiff demonstrates standing by proving (1) an 'injury in fact' that is not only concrete and particularized, but also actual or imminent; (2) a causal connection exists between the injury and the alleged misconduct that satisfactorily traces the conduct to the defendant, rather than 'some third party not before the court'; and (3) that redress of the injury by a favorable decision is likely as opposed to merely speculative." *Access 4 All, Inc. v. Lichtigman*, No. 6:10-cv-1202-Orl-35-DAB, 2011 WL 13298710, at *1 (M.D. Fla. Feb. 9, 2011) (Scriven, J.) (quoting *Lujan*, 504 U.S. at 560-61).

### II.      DISMISSAL PURSUANT TO RULE 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted for a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  The court is not required to accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678.  Mere "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to state a claim.  Id., at 678–79; see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court must also "draw on its judicial experience and common sense." *Iqbal*, 556 U.S.  at 678–79.

## INCORPORATED MEMORANDUM OF LAW

### I.      PLAINTIFF LACKS STANDING TO PURSUE EQUITABLE RELIEF

To establish standing under Article III of the U.S. Constitution, a plaintiff "[(1)] must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' [(2)] that is traceable to the challenged action of the defendant and [(3)] likely to be redressed by a favorable

judicial decision." *Lexmark Int'l Inc., Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). That said, a named plaintiff in a putative class action must still meet the Article III standing requirements. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). An Article III injury in fact "requires an additional showing when injunctive relief is sought," namely, the plaintiff "must show a sufficient likelihood that he will be affected by the alleged unlawful conduct in the future." *Houston*, 733 F.3d at 1323 (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). The future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id*. (internal citation omitted). A threat of future injury "must be *certainly impending* to constitute an injury in fact." *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 409 (2013) (internal citations omitted) (emphasis in original).

Here, Plaintiff lacks standing under Article III of the U.S. Constitution to assert any claim for injunctive or declaratory relief, as Plaintiff has not and cannot plausibly allege an imminent, immediate, or real threat of future injury or harm. To that end, absent a "threat of future injury," the need for an injunction is obviated. *Houston*, 733 F.3d at 1328-29 (holding "injunctions regulate future harm"). Here, there are no facts in the Complaint suggesting that Plaintiff will receive another alleged prerecorded voice call from Defendant and, therefore, that there is an actual or imminent threat of future harm. Thus, Plaintiff's request for declaratory and injunctive relief should be dismissed. *See Schaevitz*, 437 F. Supp. 3d at 1251 (dismissing requests for declaratory or injunctive relief because the plaintiff did not plead "any allegations or otherwise show that he, or any member of the putative class, will ever again receive another [call]."); *see also Miller*, 2016 WL 7471302, at *2–4 (dismissing request for injunctive relief in TCPA case for lack of standing where there were no allegations suggesting possible future harm).

Indeed, it is well-established law that requests for injunctive or declaratory relief require that a plaintiff sufficiently plead "a real and immediate threat of future harm." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006) (holding "a prayer for injunctive and declaratory relief requires an assessment, at the stage of determining standing, of whether the plaintiff has sufficiently shown a real and immediate threat of future harm"). "The binding precedent in this circuit is clear that for an injury to suffice for prospective relief, it must be imminent." *Id*.; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L.Ed.2d 675 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy

regarding injunctive relief.") (citation and internal quotation marks omitted). Similarly, injuries sustained from "past conduct" will not support a claim for declaratory relief absent a showing "that such conduct has continued or will be repeated in the future." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *see also Regency of Palm Beach, Inc. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954, at *4 (S.D. Fla. Aug. 25, 2009) ("The point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct.") (quoting *Great Lakes Reinsurance (UK) PLC v. TLU Limited*, No. 07-61259-Civ, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008)); *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, No. 08-80017-Civ, 2009 WL 901500 (S.D. Fla. Mar. 30, 2009) (dismissing claim for declaratory judgment that sought solely to adjudicate past conduct); *Maisonet v. Comm'r, Ala. Dep't of Corr.*, No. 22-10023, 2022 WL 4283560, at *2 (11th Cir. Sept. 16, 2022) ("Because declaratory and injunctive relief necessarily do not redress past harm, standing for such claims requires a showing of an ongoing or future injury . . . [To establish standing for declaratory and injunctive relief, a plaintiff] must allege either a current, ongoing injury or that a future injury is 'certainly impending.'"); *Young v. Cmty. Health Sys., Inc.*, No. 22-14255, 2023 WL 6121795, at *2 (11th Cir. Sept. 19, 2023) (holding that the plaintiff "must establish that she is suffering an ongoing harm or in danger of suffering a harm in the near future" to "pursue claims for declaratory or injunctive relief"). In other words, a plaintiff seeking "declaratory and injunctive relief . . . must demonstrate that he is likely to suffer future injury . . . at the hands of the defendant" and that "the relief the plaintiff seeks will likely prevent such injury from occurring." *Cone Corp.*, 921 F.2d at 1203–04.

As mentioned above, Plaintiff seeks injunctive and declaratory relief—specifically, an injunction "against future calls" and an order declaring "that Defendant's actions . . . violate the TCPA." Plaintiff, however, is not entitled to injunctive or declaratory relief because there are no facts suggesting the immediate threat of future harm.[2]   In fact, the allegations in the Complaint cut against any "imminent threat," as the Complaint identifies two prerecorded voice calls

---

[2] A "hypothetical, future injury" is "not an injury in fact." *Crowder v. Andreu, Palma, Lavin & Solis, PLLC*, No. 2:19-cv-820-SPC-NPM, 2021 WL 1338767, at *5 (M.D. Fla. Apr. 9, 2021) ("allegations of possible future injury are not sufficient") (quoting *Clapper*, 568 U.S. at 409). "Where a 'hypothetical future harm' is not 'certainly impending,' plaintiffs 'cannot manufacture standing merely by inflicting harm on themselves.'" *Crowder*, 2021 WL 1338767 at *6. A self-imposed fear of a hypothetical future injury is simply not an injury in fact. *Id*. at *5.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

regarding Plaintiff's efforts to look for a vehicle to purchase from Defendant's inventory, with each occurring <u>months before the Complaint was filed</u>.  [ECF No. 1-1 ¶ 13].

At bottom, Plaintiff has not sufficiently alleged an imminent threat of immediate future harm or injury, and allegations of past harm do not suffice to show the threat of future harm.  *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects.").  Because of Plaintiff's failure to sufficiently allege any threat of imminent future injury, he lacks standing to pursue any injunctive or declaratory relief; therefore, any such claims for relief by Plaintiff should be dismissed.  *See United States v. W T Grant Co.,* 345 U.S. 629, 633, 73 S. Ct. 894 (1953) (party moving for injunctive relief must show "that there exists some cognizable danger of recurrent violation, something more than the mere possibility" of recurrence); *Zononi v. CHW Grp., Inc.*, No. 22-cv-14358-Cannon/McCabe, 2023 WL 2667941, at *5 (S.D. Fla. Mar. 7, 2023) (dismissing a prayer for injunctive relief in TCPA case), *report and recommendation adopted*, 2023 WL 8679400 (S.D. Fla. Nov. 16, 2023); *Morris v. Lincare, Inc.*, No. 8:22-cv-2048-CEH-AAS, 2024 WL 2702101, at *4 (M.D. Fla. May 24, 2024) (dismissing prayer for injunctive relief and holding "[i]n the absence of any allegation that a plaintiff will ever receive another prerecorded message or robo call from the defendant in the future, courts in this Circuit have dismissed a plaintiff's request for injunctive relief.").

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR EQUITABLE RELIEF

Should this Court find Plaintiff has Article III standing to pursue injunctive and declaratory relief, said claim still fails as Plaintiff has adequate legal remedies.  "It is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Rosen*, 21 F.3d at 1527; *see also Charter Sch. Capital, Inc. v. N.E.W. Generation Preparatory High Sch. of Performing Arts, Inc.*, 15-CIV-60966, 2015 WL 11201180, at *4 (S.D. Fla. June 2, 2015) (where "money damages provide adequate relief at law," it is unnecessary to "invoke the court's equitable powers.").  "This is not to say that a legal remedy must succeed to be adequate.  The law is plain that inadequacy means only that 'in its nature or character it is not fitted or adapted to the end in view'; inadequacy does not mean that the remedy is ineffectual." *Justice v. U.S.*, 6 F.3d 1474, 1482 n.16 (11th Cir. 1993) (quoting *Thompson v. Allen County*, 115 U.S. 550, 554 (1885)).  Here, Plaintiff does not and cannot allege damages that would not be remedied by his requested monetary

damages (i.e., claimed statutory damages).  Plaintiff is therefore not entitled to equitable relief in any form.

Plaintiff simply cannot plead facts to support a conclusion that the available remedy at law is inadequate; consequently, equitable relief is inappropriate.  In the Complaint, Plaintiff seeks statutory damages. Accordingly, Plaintiff is not entitled to equitable relief, and any claim for injunctive or declaratory relief should be dismissed on this basis.

WHEREFORE, Defendant, Tropical Chevrolet Inc., respectfully requests this Honorable Court enter an order granting the instant motion, dismissing Plaintiff's claim for injunctive and declaratory relief within Plaintiff's Complaint, and awarding any and all other relief this Court deems just and appropriate in light of the foregoing.

**Dated March 24, 2026**

Respectfully submitted,

By: /s/ Matthew A. Green
Matthew A. Green, Esq.
Florida Bar No. 1019717
Kevin A. Solari, Esq.
Florida Bar No. 1069866
**COLE, SCOTT & KISSANE, P.A.**
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3700
Facsimile (954) 703-3701
*Counsel for Defendant, Tropical Chevrolet Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March 2026, a true and correct copy of the foregoing was filed with the CM/ECF filing system, which will send an automatic e-mail message to all counsel of record.

/s/ Matthew A. Green
Matthew A. Green, Esq.
Florida Bar No. 1019717