**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-21824-RKA**

**HERIBERTO VALIENTE,**
*individually and on behalf of all*
*others similarly situated,*

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

**v.**

**MIAMI SHORES AUTOMOTIVE, LLC,**

Defendant.
______________________________/

## SECOND AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Heriberto Valiente ("Plaintiff") brings this class action against Miami Shores Automotive, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and

[1] Amended with the written permission of Defendant pursuant to Fed. Rule 15 (a)(2) to add Defendant, Miami Shores Automotive, LLC and to dismiss Defendant, Tropical Chevrolet, Inc. without prejudice.

sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The TCPA affords special protections for people who, like Plaintiff, receive any call using any artificial or prerecorded voice. Specifically, the TCPA provides that each person who receives any such call is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated. Similarly, the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, provides for $500 per call made in violation of the statute, and up to $1,500 for knowing and willful violations.

3. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

**NATURE OF THE CLAIM**

4. This is a putative class action arising from Defendant's violations of the TCPA and FTSA.

5. To promote its services, Defendant places unsolicited telephone calls utilizing a prerecorded voice. Defendant places it robocalls without consent as required under the TCPA and FTSA.

6. Through this action, Plaintiff seeks statutory damages on behalf of himself and members of the Class as defined below.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367.

9. This Court has general personal jurisdiction over Defendant and venue is proper in this District because Defendant is incorporated and headquartered in this District.

## PARTIES

10. Plaintiff is a natural person entitled to bring this action under the TCPA and FTSA, and a citizen and resident of Miami-Dade, Florida.

11. Defendant is a domestic corporation with its headquarters located in Florida.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13. On or about November 7, 2025 and December 23, 2025, Defendant placed identical calls using a prerecorded voice message to Plaintiff's cellular telephone number ending in 7973 (the "7973" Number"). During the call, Defendant played a prerecorded voice message identifying

Defendant and requesting that Plaintiff return the call. The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call. The following are screenshots of the messages received by Plaintiff on his cellular phone:




14. When Plaintiff listened to the prerecorded voice calls, he was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message").

15. The prerecorded voice calls received by Plaintiff did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism to make a do-not-call request, and did not otherwise provide instructions on how to make future calls stop.

16. All of the above-mentioned calls received by Plaintiff utilized a recording of a generic sounding voice with identical wording and a monotone voice.

17. Defendant's prerecorded calls constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., requesting that Plaintiff contact Defendant regarding Defendant's services.

18. Defendant's prerecorded calls constitute advertising because they call attention to Defendant's products and services.

19. The prerecorded calls Plaintiff received originated from the telephone numbers 786-373-4091, which is owned and/or operated by Defendant.

20. Upon information and belief, Defendant caused similarly worded prerecorded messages to be sent to individuals residing within this District.

21. At no point in time did Plaintiff provide Defendant with his prior express consent to be contacted with a prerecorded voice call.

22. Plaintiff is the subscriber and sole user of the 7973 Number and is financially responsible for phone service to the 7973 Number.

23. Defendant's unsolicited prerecorded call caused Plaintiff and the Class members actual harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

24. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Classes that Plaintiff seeks to represent are defined as:

> **TCPA Prerecorded Message Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant, regarding or related to Defendant's property, goods, and/or services.**
>
> **TCPA No Opt-Out Mechanism Class: All persons within the United States who, within the four years prior to the filing of this action, (1) received a call from Defendant using an artificial or prerecorded voice, (2) on their cellular telephone, (3) regarding Defendant's property, goods, and/or services, (4) which did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.**
>
> **FTSA Prerecorded Message Class: All persons in Florida who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant, regarding or related to Defendant's property, goods, and/or services.**

25. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

26. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

27. Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

28. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

29. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

b. Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

c. Whether Defendant violated the TCPA and the FTSA;

d. Whether Defendant's conduct was knowing and willful; and

e. Whether Defendant is liable for damages, and the amount of such damages.

30. The common questions in this case are capable of having common answers and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

31. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

32. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

33. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(b)**
(On Behalf of Plaintiff and the TCPA Prerecorded Message Class)

36. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

38. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

39. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

40. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

41. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

42. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**COUNT II**

**Violations of 47 U.S.C. § 227 and 64.1200**

**(On Behalf of Plaintiff and the TCPA No Opt-Out Mechanism Class)**

43. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(b)(3), provides in pertinent part:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section.

45. Defendant violated 47 C.F.R. § 64.1200(b)(3) by delivering artificial or prerecorded voice messages in connection with telemarketing calls to Plaintiff's and the Class Members' telephone number that did not provide an automated, interactive voice and/or key press-activated opt-out mechanism for the called person to make a do not-call request.

46. Plaintiff and the Class Members were harmed by Defendant's refusal to provide an opt-out mechanism in that they were unable to stop Defendant's prerecorded solicitations.

47. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**COUNT III**

**Violations of Fla. Stat. § 501.059**

(On Behalf of Plaintiff and the FTSA Prerecorded Message Class)

48. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

49. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

50. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

51. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

    a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

52. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

53. In violation of the FTSA, Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members utilizing recorded messages without the prior express written consent of the called party.

54. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

55. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA and FTSA;

c) An award of attorney's fees under the FTSA; and

d) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: April 8, 2026

Respectfully submitted,

**EISENBAND LAW, P.A**
*/s/ Michael Eisenband* .
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1301
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792

By: */s/ Manuel Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
246 Shore Court
Lauderdale-By-The-Sea, FL 33308
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**RENA A. LERNER, ESQ.**
Florida Bar No. 1036216
E-mail: rena@jibraellaw.com
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No. 1065929
E-mail: mitchell@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640

E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838
*COUNSEL FOR PLAINTIFF*